{¶ 46} Because I am concerned that we are providing conflicting guidance to the trial courts on the issue of when an insurance policy provides automobile liability coverage, I respectfully dissent in part.
{¶ 47} Less than a year has passed since we issued the case of Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251. The insurance policy in the Lemm case was primarily a homeowner's policy, but was found by a unanimous panel of this court to provide uninsured motorist coverage due to the presence of a residence employee provision.
{¶ 48} In Dixon v. Professional Staff Mgmt., Franklin App. No. 01AP-1332, 2002-Ohio-4493, I dissented when a panel of this court failed to follow the Lemm case based upon an assumption that the fact the insurance policy in the Dixon case was primarily a homeowner's policy somehow changed the insurance coverage provided by a similar residence employee provision.
{¶ 49} I see a similar effort to avoid the Lemm case occurring here. As in the Dixon case, the homeowner's policy theory is used to avoid the Supreme Court of Ohio's case law about which version of R.C.3937.18 should apply.
{¶ 50} In short, I believe that this court should consistently follow the Lemm case until such time, if ever, the Supreme Court of Ohio overrules Lemm. I note the case is currently before the Ohio Supreme Court for review.
{¶ 51} As to the analysis with regard to "accidents and losses," I note that we are not presented with a situation where the existence of an accident is in debate. I would not want our analysis to be extended to prevent individuals who suffer losses without accidents from somehow receiving insurance proceeds.
{¶ 52} I would resolve the geographical limitations set forth in the provision entitled "POLICY PERIOD AND TERRITORY" by noting that both the accident and the primary loss occurred outside the policy territory. I do not see this policy as applying to secondary losses, which flow from the primary loss of Mohamed Barry's life. I would reach the same conclusion as that reached by the majority with respect to policy territory, but via a slightly different analysis.
{¶ 53} As a result, I dissent in part and concur separately in part.